UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJD AL-SHARA,

       Plaintiff,

                                             Case No. 11-cv-14954

v.

                                             Paul D. Borman
                                             United States District Judge

BLITZ, U.S.A., INC.; LAM 2011
HOLDINGS, LLC, f/k/a BLITZ
HOLDINGS, LLC; KINDERHOOK
INDUSTRIES, LLC; KINDERHOOK
CAPITAL FUND II, L.P.; BLITZ
ACQUISITION HOLDINGS, INC.;
BLITZ ACQUISITION, LLC;
BLITZ RE HOLDINGS, LLC;
F3 BRANDS, LLC;
WAL-MART STORES, INC.; and
WAL-MART STORES EAST, L.P.,

       Defendants.

_____/

## SECOND ORDER TO SHOW CAUSE

The Court has reviewed Plaintiff's Responses (Dkt. Nos. 6 and 7) to the Court's November

21, 2011 Order to Show Cause. The Court concludes that further questions remain as to whether this

Court has subject matter diversity jurisdiction over this action.

Plaintiff asserts in his response to the order to show cause that Plaintiff resided in Michigan

at the time of the accident but was at all times a citizen of the Country of Jordan. 28 U.S.C. § 1332

(a) provides that: "For the purposes of [section 1332], section 1335, and section 1441, an alien

admitted to the United States for permanent residence shall be deemed a citizen of the State in which

1

such alien is domiciled. The "permanent residence" provision of 1332(a) has been held "to refer to an alien litigant's official immigration status." *Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir.1997). *See also Paasewe v. Anjana Samadder, M.D., Inc.*, No. 04-cv-724, 2005 WL 2230197, at *3 (S.D. Ohio Sept. 13, 2005) ("Aliens who have been accorded lawful permanent resident status under the immigration laws, i.e., those aliens with "green cards," are considered aliens "admitted for permanent residence," while aliens admitted to the United States on any lesser status are not.") (citing *Kato v. County of Westchester*, 927 F. Supp. 714, 716 (S.D.N.Y.1996) and *Foy*, 108 F.3d at 1349-50); *De La Cruz v. Virgin Islands Water and Power Authority*, No. 07-cv-09, 2010 WL 1484237, at *1 (D. Virgin Islands April 12, 2010) (holding same and collecting cases). Thus, the Court must determine whether Plaintiff has been accorded lawful permanent resident status, and if so in which State Plaintiff was domiciled at the time of the filing of the Complaint, before it can determine whether complete diversity exists.

Moreover, Plaintiff explains in its Supplemental Response to the Court's November 21, 2011 Order to Show Cause that Defendant Wal-Mart Stores East, L.P. is a limited partnership owned by two Limited Liability Companies, WSE Investment LLC (99% owner and limited partner) and WSE Management LLC (1% owner and general partner). Plaintiff states that each of these LLCs has a sole member, Wal-Mart Stores East, Inc., which is incorporated in the State of Delaware. A limited liability company has the citizenship of each of its members. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). Further, a corporation is deemed to be a citizen of both its state of incorporation and the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff must allege both the principal place of business and the place of incorporation of each corporate entity. The court is unable to determine from Plaintiff's responses

2

the principal place of business of Wal-Mart Stores East, Inc.

Finally, the Court notes that Plaintiff has voluntarily dismissed, due to a pending Bankruptcy proceeding, all Defendants apart from Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (Dkt. No. 8, Notice of Dismissal.) However, the question "whether federal diversity of citizenship jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced by filing the complaint with the court as prescribed by Federal Rule of Civil Procedure 3." Wright and Miller, 13E Federal Practice and Procedure § 3608 (3d ed updated 2011). Thus, particularly where Plaintiff has indicated his intent to add these dismissed Defendants back into the case in the event that the Bankruptcy Stay is lifted, Plaintiff is not relieved of his obligation to state the citizenship of each of the now-dismissed Defendants, as required by the Court's original Show Cause Order. The Court reminds Plaintiff that corporate entities must be defined by their state of incorporation and principal place of business, partnerships by the citizenship of each of their partners, and LLCs by the citizenship of each of their members. Plaintiff should be able to obtain this information from public records or from the attorney representing these entities in the Bankruptcy proceedings.

Plaintiff shall show cause within 30 (thirty) days of the date of this Order why this case should not be dismissed for lack of subject matter jurisdiction for failure to allege the Plaintiff's citizenship, as determined by his resident alien status, at the time the Complaint was filed and for failure to allege the citizenship of each Defendant named in the Complaint as required by the Court's original Show Cause Order.

IT IS SO ORDERED.

Dated: 12-17-11

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE