IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAJD AL-SHARA, | ) |
| Plaintiff, | ) |
| | ) Case No. 11-cv-14954 |
| v. | ) |
| | ) Paul D. Borman |
| WAL-MART STORES, INC. | ) District Judge |
| and | ) |
| WAL-MART STORES EAST, L.P., | )   JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Majd Al-Shara, individually and as biological parent of now deceased minor child, Aliaa Al-Shara, by and through his attorneys of record, and for his cause of action against the Defendants, alleges and states as follows:

## INTRODUCTION

On or about September 19, 2010, a gasoline can (hereinafter "subject gas can") manufactured by Blitz U.S.A., Inc. (hereinafter "Blitz") and distributed and sold by Wal-Mart exploded out of its fill opening, covering Aliaa in burning liquid gasoline, causing Aliaa to suffer third degree burn injuries over almost the entirety of her body. Aliaa was conscious at the scene and able to communicate. She suffered extreme pain waiting for medical attention and thereafter until her death three (3) days later. Majd Al-Shara was severely burned about his arms and suffered extreme emotional, psychological and physical distress and injury as a result of his daughter's injuries. This action is brought against the Defendants to recover all damages to which Plaintiff is entitled as a result of the severe injuries and damages he sustained as set forth herein.

## PARTIES

1.     Majd Al-Shara resided at 33066 Deerwood, New Haven, Michigan at the time of this incident on September 19, 2010.  Plaintiff was never accorded permanent resident status in the United States and has always been a citizen of the Country of Jordan.

2.     Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  Defendant's attorney has entered an appearance and no additional service of process is required.

3.     Defendant Wal-Mart Stores East, L.P. is a Delaware limited partnership with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  The partners of Wal-Mart Stores East, L.P. are WSE Investment, LLC, a Delaware limited liability company, and WSE Management, LLC, a Delaware limited liability company, with both of their principal places of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  Wal-Mart Stores East, Inc. is the only member of both WSE Investment, LLC and WSE Management, LLC.  Wal-Mart Stores East, Inc. is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  Defendant's attorney has entered an appearance and no additional service of process is required.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants.

5.     Venue is proper in the District Court of the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in whole or in part within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.     Wal-Mart marketed, distributed and sold a model of gas can known as the Blitz self vent can which was designed, manufactured, marketed and sold by Blitz.

7.     Majd Al-Shara owned two Blitz cans, a five gallon and a one gallon, both of which were the self vent model sold by Blitz to Wal-Mart for distribution and sale across the State of Michigan.

8.     The one gallon can was purchased by Majd Al-Shara at a local Wal-Mart less than one year prior to the incident which occurred on or about September 19, 2010.  The can contained gasoline at the time of the incident.

9.     On or September 19, 2010, Majd's wife took their son to a Christian rock concert, leaving Plaintiff home to cook dinner for their six year-old daughter, Aliaa.  The address of the family's home was 33066 Deerwood, New Haven, Michigan.

10.    Majd went out back to a fire pit to begin to grill some chicken he had been marinating when he realized he was out of charcoal lighting fluid.

11.    Majd went into his shed to see if he had more charcoal lighter with which to light a fire to cook dinner and saw a five gallon Blitz self vent gas can that was missing its yellow cap and was full of gasoline.  The gasoline had been sitting in the garage in that condition for many months.

12.    The empty one gallon Blitz self vent can was also in the shed.  Majd thought that if he put a small amount of gasoline in the small can that it would be safe to use to ignite the

charcoal.  He transferred a small amount of gasoline from his five gallon can into the one gallon can.

13. Majd took the one gallon can and poured a small amount of gasoline on the charcoal and attempted to light it.  When the fire did not light, he poured additional gasoline on the charcoal twice.  An ember in the charcoal ignited the gasoline vapors, they flashed back into the gas can, and the gas can, which had not been designed with a flame arrestor in its fill opening, exploded sending burning liquid gasoline and flame several feet out of its spout, covering Aliaa.

14. Majd repeatedly attempted to put out the flames on his daughter with his own body but each time he thought that she was extinguished, Aliaa's body and clothing reignited.  Finally, with approximately a dozen of his neighbors looking on, Majd got the flames out.

15. Aliaa looked at her father and said, "Daddy, did something bad happen."

16. Aliaa suffered third degree burns over more then 90% of her body and struggled to survive in a burn unit for three days until she finally died.  Majd received at least second or third degree burns to his arms which received virtually no treatment.

17. On the second day, Majd was asked by the local authorities to come to the police station, where he was interrogated.  Because the police did not understand that a gas can could explode in the manner Majd described, the police arrested Plaintiff and ultimately threatened to charge him with murder.

18. Majd was held for months in jail in the state of Michigan after being accused of committing a crime he did not commit, publicly accused of intentionally setting his daughter on fire, and then INS holding prior to being sent home to Jordan.  Majd was Aliaa Al-Shara's

biological father and he raised her along with her mother from the time she was born until the time of her death.

19. Majd was in jail at the time Aliaa died in the burn unit.

20. The authorities refused to allow Plaintiff to attend his daughter's funeral.

21. Ultimately, the federal government, through the Bureau of Alcohol, Tobacco and Firearms (referred to herein as "ATF"), conducted testing that proved that the explosion described by Plaintiff was all too real of an occurrence.  Thirteen of the 17 Blitz cans tested by the ATF exploded in the manner described by Plaintiff.  As a result of the testing, the government did not prosecute Plaintiff for murder.

22. Flame arrestors have been used to prevent flashback and explosion of flammable vapors for more than 200 years and are used in virtually all areas of gasoline distribution and delivery except for some portable consumer gasoline containers.  Flame arrestor technology has been used on gasoline containers for decades, including on some portable consumer gasoline containers.  Flame arrestors are also in the openings of other containers of flammable consumer products such as charcoal lighter container and Bacardi rum bottles.

## CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE OR GROSS NEGLIGENCE

23. Plaintiff re-alleges and incorporates in this section each and every preceding allegation as if fully pleaded herein.

24. Wal-Mart owed consumers and/or foreseeable users, including Plaintiff, the duty to use reasonable care in its marketing, distribution and sale of the Blitz can.

25. Wal-Mart had actual knowledge of the life-threatening dangers posed by a gas can sold without a flame arrestor.

26. Prior to Wal-Mart's distribution and sale of the subject gas can to Plaintiff, it had knowledge of many other similar incidents. Wal-Mart had been sued for severe burns and deaths in lawsuits with identical allegations to those in this case: that a gas can exploded as a result of the defect of a failure to equip the can with a flame arrestor.

27. Wal-Mart's highest executives, including its CEO, joked about people using gasoline to start fires and that a gas can was "a good can" when they it did not explode in a video created for the entertainment of hundreds if not thousands of its employees and suppliers. This video was produced after Wal-Mart had been sued in other similar cases.

28. Prior to Wal-Mart's distribution and sale of the subject gas can, Blitz had been sued in dozens of cases for severe burns and deaths with nearly allegations: that a gas can exploded as a result of the defect of a failure to equip the can with flame arrestor.

29. Wal-Mart had its own risk analysis program for its products and failed to appropriately categorize the Blitz can as a high risk product and/or to recall or stop selling the product due to its dangers.

30. Wal-Mart has a significant percentage of the gas can market in the United States, and its buyers "squeeze" suppliers when they fail to take action with a product in a manner Wal-Mart wishes. Wal-Mart had exercised its power over Blitz in this manner with respect to the design of gas cans sold by Wal-Mart.

31. In fact, Wal-Mart actively participated in the design of the can in question by making certain demands with regard to the spout on Blitz cans and specifically required Blitz to change its design. In face of an express threat that Wal-Mart would take its business elsewhere, Blitz acquiesced to Wal-Mart's demands and the result was this can purchased by Plaintiff, designed without a flame arrestor, which ultimately injured Plaintiff and killed his daughter.

32. Wal-Mart failed to act as a reasonable retailer, knowingly marketing, selling and even seeking to increase the sales of a product that it knew or should have known caused severe burn injuries and/or death to Wal-Mart consumers at the time the can was sold by Wal-Mart.

33. As a direct and proximate result of Wal-Mart's negligence, the can was marketed, distributed and sold in a defective condition, and was unreasonably dangerous when used as intended and when put to reasonably anticipated and/or foreseeable use by persons such as Plaintiff.

34. Plaintiff's injuries, and the manner in which they occurred, were reasonably foreseeable to Wal-Mart which had actual knowledge or should have known from its relationship with Blitz, from other sources within the industry, publications, media reports and prior claims and lawsuits. Wal-Mart knew or should have known that consumers and bystanders like Majd Al-Shara and Aliaa Al-Shara were being severely burned and killed when Blitz gas cans without flame arrestors were put to intended, anticipated and reasonably foreseeable uses.

35. As a direct and proximate result of Wal-Mart's conduct, Plaintiff and Plaintiff's daughter suffered severe burn injuries and other damages.

36. As a direct and proximate result of the conduct of the Defendants, Plaintiff has paid, become obligated to pay for, and will in the future pay for items of expense for medical care and treatment.

37. Prior to the aforesaid injury, Majd Al-Shara was an able-bodied man capable of doing and performing work and labor. As a direct and proximate result of his injuries, he has suffered, and in the future will continue to suffer, a loss of wages and earnings, and he suffered, and will continue to suffer an impaired and diminished capacity for work, labor and pleasure.

38.     As a direct and proximate result of the conduct of Defendants, Majd Al-Shara has suffered great pain and anguish of body and mind and he will continue to suffer great physical pain and mental anguish in the future. All such permanent injury, pain and suffering, lost earnings and impairment of earning capacity have greatly damaged Plaintiff.

39.     By reason of all of the foregoing, Plaintiff is entitled to fair and reasonable compensation.

40.     Defendants' conduct herein showed complete indifference to and willful disregard for the safety of consumers, including Plaintiff.  Plaintiff has suffered and will continue to suffer great mental anguish and pain as a result of Defendants' conduct and is entitled to an additional amount as exemplary damages in such sum as will serve to punish Defendants, and to deter Defendants and others, from like conduct.

## COUNT II – BREACH OF WARRANTY

41.     Plaintiff re-alleges and incorporates in this section each and every preceding allegation as if fully pleaded herein.

42.     Wal-Mart is a merchant of gas cans.

43.     In selling and placing the gas can into the stream of commerce, Wal-Mart impliedly warranted that the gas can was merchantable and fit for its intended, anticipated and reasonably foreseeable uses including misuses.

44.     Wal-Mart breached said implied warranty in one or more of the following respects, among others:

   A. Wal-Mart sold a gas can without a flame arrestor and/or other safety devices, therefore making it unfit for ordinary use, given that Wal-Mart knew it would be exposed to potential ignition sources;

B. Wal-Mart participated in and impacted the design of Blitz's gas cans and had the power to do the same, which it had exerted on Blitz;

C. Wal-Mart failed to provide adequate warnings about the inherent dangers involved in the use of gas containers it sold despite Wal-Mart's extensive knowledge of gasoline given its sale of the same;

D. Wal-Mart sold Blitz gas cans that contained manufacturing defects;

E. Wal-Mart knew or should have known as the time it supplied the gas can that the can, as sold, was defectively designed because it posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer/purchaser, and the risks associated with this design outweighed its utility thereby rendering the can unfit for ordinary use by average consumers;

F. Wal-Mart knew or should have known of other available gas cans that were designed to significantly reduce and/or eliminate the risk of flammable vapor ignition, and failed to offer such cans for sale and instead sold the defective subject gas can that was not appropriate for its ordinary anticipated use;

45. As a direct and proximate result of Wal-Mart's breach of warranty, Plaintiff and Plaintiff's daughter suffered severe burn injuries and other damages.

46. For the reasons set forth above, the Blitz gas can was defective and unreasonably dangerous to foreseeable users and bystanders, including Majd Al-Shara, who used the gas can in an anticipated and foreseeable manner, and Aliaa Al-Shara.

47. As a direct and proximate result of Wal-Mart's conduct, Plaintiff and Plaintiff's daughter suffered severe burn injuries and other damages.

48. As a direct and proximate result of the conduct of the Defendants, Plaintiff has paid, is obligated to pay for, and will in the future pay for items of expense for medical care and treatment.

49. Prior to the aforesaid injury, Majd Al-Shara was an able-bodied man capable of doing and performing work and labor. As a direct and proximate result of his injuries, he has suffered, and in the future will continue to suffer, a loss of wages and earnings, and he suffered, and will continue to suffer an impaired and diminished capacity for work, labor and pleasure.

50. As a direct and proximate result of the conduct of Defendants, Majd Al-Shara has suffered great pain and anguish of body and mind and he will continue to suffer great physical pain and mental anguish in the future. All such permanent injury, pain and suffering, lost earnings and impairment of earning capacity have greatly damaged Plaintiff.

51. By reason of all of the foregoing, Plaintiff is entitled to fair and reasonable compensation.

52. Defendants' conduct herein showed complete indifference to and willful disregard for the safety of consumers, including Plaintiff. Plaintiff has suffered and will continue to suffer great mental anguish and pain as a result of Defendants' conduct and is entitled to an additional amount as exemplary damages in such sum as will serve to punish Defendants, and to deter Defendants and others, from like conduct.

## COUNT III – FAILURE TO WARN

53. Plaintiff re-alleges and incorporates in this section each and every preceding allegation as if fully pleaded herein.

54. Defendants distributed and sold the Blitz gas can when it knew or should have known that the gas can posed a risk of flammable vapor ignition, flashback and explosion to

users that was unknown to and not contemplated by the average reasonable consumer/purchaser, including Majd Al-Shara.

55.     The Blitz gas can was defective and unreasonably dangerous to ultimate users and bystanders because it was sold by Defendants without a warning or adequate warning of the risk of flashback and explosion of the can in the event that gasoline vapors outside of the can ignited and that this risk is greatly increased if the can contains a small volume of gasoline, and if the can contains aged gasoline, and with lower temperatures.

56.     For the reasons set forth above, the Blitz gas can was defective and unreasonably dangerous to foreseeable users and bystanders, including Majd Al-Shara, who used the gas can in an anticipated and foreseeable manner, and Aliaa Al-Shara.

57.     As a direct and proximate result of Wal-Mart's conduct, Plaintiff and Plaintiff's daughter suffered severe burn injuries and other damages.

58.     As a direct and proximate result of the conduct of the Defendants, Plaintiff has paid, become obligated to pay for, and will in the future pay for items of expense for medical care and treatment.

59.     Prior to the aforesaid injury, Majd Al-Shara was an able-bodied man capable of doing and performing work and labor.  As a direct and proximate result of his injuries, he has suffered, and in the future will continue to suffer, a loss of wages and earnings, and he suffered, and will continue to suffer an impaired and diminished capacity for work, labor and pleasure.

60.     As a direct and proximate result of the conduct of Defendants, Majd Al-Shara has suffered great pain and anguish of body and mind and he will continue to suffer great physical pain and mental anguish in the future. All such permanent injury, pain and suffering, lost earnings and impairment of earning capacity have greatly damaged Plaintiff.

61. By reason of all of the foregoing, Plaintiff is entitled to fair and reasonable compensation.

62. Defendants' conduct herein showed complete indifference to and willful disregard for the safety of consumers, including Plaintiff. Plaintiff has suffered and will continue to suffer great mental anguish and pain as a result of Defendants' conduct and is entitled to an additional amount as exemplary damages in such sum as will serve to punish Defendants, and to deter Defendants and others, from like conduct.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff re-alleges and incorporates in this section each and every preceding allegation as if fully pleaded herein.

64. Majd Al-Shara witnessed the burning stream of gasoline explode in a jetting fashion out of the fill opening of the gas can he was holding and engulf his beloved daughter who was sitting in a chair which he thought was a safe distance from the fire pit in their back yard.

65. Over and over, Majd Al-Shara tried to extinguish Aliaa with his own body, suffering serious burns himself, until he finally was able to do so but only after an unimaginable period of time. Time and again when he thought he had extinguished the fire, Aliaa's body and clothing reignited. Neighbors had arrived by the time he was finally able to get Aliaa extinguished. She was burned over 90% of her body and died three (3) days later.

66. The injuries inflicted on Aliaa were of such a nature to cause and did cause severe mental disturbance resulting in physical harm to Plaintiff Majd Al-Shara. Majd Al-Shara has suffered great pain and anguish of body and mind and he will continue to suffer great physical pain and mental anguish in the future as a result of witnessing the injuries to Aliaa.

67. By reason of all of the foregoing, Plaintiff is entitled to fair and reasonable compensation.

68. Defendants' conduct herein showed complete indifference to and willful disregard for the safety of consumers, including Plaintiff.  Plaintiff has suffered and will continue to suffer great mental anguish and pain as a result of Defendants' conduct and is entitled to an additional amount as exemplary damages in such sum as will serve to punish Defendants, and to deter Defendants and others, from like conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P., for damages on all Counts including:

1. Past medical expenses in an amount according to proof;
2. Future medical expenses in an amount according to proof;
3. Lost past income and lost future earning capacity in an amount according to proof;
4. Past and future pain and suffering;
5. Past and future psychological damage;
6. Permanent scarring and loss of the enjoyment of life;
7. Exemplary damages;
8. All damages allowed pursuant to Michigan's Wrongful Death Statute for Aliaa's death.
9. Costs, expenses and attorneys' fees;
10. Pre-judgment interest;
11. Post-judgment interest; and

12. For such other relief as the Court deems just and proper.

## **TRIAL BY JURY**

Pursuant to FRCP 38, Plaintiff hereby demands a Jury Trial.

        Respectfully submitted,

        /s/ *Stacey L. Dungan*
        Diane M. Breneman
        Mo. Bar Number 39988
        Stacey L. Dungan
        Mo. Bar Number 37180
        Breneman Dungan, LLC
        311 Delaware
        Kansas City, Missouri 64105
        Phone (816) 421-0114
        Fax (816) 421-0112
        db@litigationkc.com
        sd@litigationkc.com

        ATTORNEYS FOR PLAINTIFF

DATED:  January 20, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2012, I electronically filed the foregoing *First Amended Complaint* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Nicole M. Wright; Zausmer, Kaufman; 31700 Middlebelt Road, Suite 150, Farmington Hills, Michigan 48334, Attorney for Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.; and I hereby certify that I have served by U.S. first class mail the foregoing on the following non-ECF participants:

Robert C. Maddox
One Rodney Square
920 North King Street
Wilmington, DE  19801

/s/ *Stacey L. Dungan*