UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJD AL-SHARA,

    Plaintiff,

v.

Case No. 11-cv-14954

Paul D. Borman
United States District Judge

WAL-MART STORES, INC.; and
WAL-MART STORES EAST, L.P.,

    Defendants.
_____/

## OPINION AND ORDER DENYING WAL-MART DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS PURSUANT TO BANKRUPTCY PROCEEDINGS INVOLVING BLITZ, U.S.A. (DKT. NO. 26)

This matter is before the Court on Defendants' Wal-Mart Stores East, L.P. and Wal-Mart, Inc. ("Wal-Mart") Motion for Stay of Proceedings Pursuant to Bankruptcy. (Dkt. No. 26.) Plaintiff filed a response (Dkt. No. 32) and Wal-Mart filed a reply (Dkt. No. 34). Plaintiffs also submitted supplemental authorities. (Dkt. Nos. 33, 35, 36.) The Court held a hearing on March 22, 2012. For the reasons that follow, the Court DENIES Defendants' motion to stay.

### INTRODUCTION

Plaintiff in this action claims that he suffered injury, and that his daughter was killed, due to the explosion of a portable consumer gasoline container ("PCGC") that was manufactured by Blitz U.S.A. ("Blitz") and sold by Wal-Mart. Blitz and its legally-related entities were initially named as Defendants in the case but were voluntarily dismissed without prejudice by Plaintiff on December 7, 2011, due to the Blitz entities' filing of bankruptcy on November 9, 2011. Wal-Mart now moves

1

I.  BACKGROUND

   A.  **Plaintiff's Injuries and Filing of the Instant Lawsuit**

Plaintiff claims that a gasoline can manufactured by Blitz and distributed and sold by Wal-Mart exploded out of its fill opening when Plaintiff was attempting to light a barbecue in a fire pit in his backyard. (Dkt .No. 25, Amended Complaint ¶¶ 6-13.) According to the allegations of the Amended Complaint, Plaintiff and his six-year old daughter, who was standing nearby, suffered severe burns. Plaintiff's daughter, who suffered burns over 90 percent of her body, died of her injuries in the hospital three days after the incident. (Amend. Compl. ¶¶ 14-16.) The day after the incident, authorities visited Plaintiff, who is a Jordanian citizen, at his home. According to the allegations of the Complaint, authorities were skeptical that a gas can could explode in the manner described by Plaintiff, arrested Plaintiff and threatened to charge him with the death of his daughter. After being held in jail for several months in Michigan, and having been refused the right to attend his daughter's funeral, Plaintiff was deported to Jordan. Following its investigation into Plaintiff's claim as to the exploding gas can, Plaintiff alleges, the government declined to prosecute Plaintiff. (*Id.* ¶¶ 17-21.)

On November 9, 2011, Plaintiff filed the instant action against Wal-Mart and Blitz, asserting claims of negligence and breach of warranty against both Wal-Mart and Blitz. (Dkt. No. 1, Complaint.) On December 7, 2011, based upon Blitz's November 9, 2011 bankruptcy filing, Plaintiff voluntary dismissed the Blitz Defendants without prejudice and now proceeds only against Wal-Mart. (Dkt. No. 8, Notice of Voluntary Dismissal.) Plaintiff asserts claims against Wal-Mart of negligence, breach of warranty, failure to warn and negligent infliction of emotional distress. Plaintiff claims that Wal-Mart was aware of the propensity of the PCGCs to explode and cause

2

Plaintiff claims that Wal-Mart was aware of the propensity of the PCGCs to explode and cause serious bodily injury or death but continued to market and sell the product despite this knowledge. (Amended Compl. ¶¶ 25-28.) Indeed, Plaintiff claims that Wal-Mart had conducted its own independent risk analysis of the Blitz gas cans, and specifically instructed Blitz to modify the product. (*Id.* at 29-31.)

### B. Blitz Files for Bankruptcy and Wal-Mart Moves to Stay

Blitz, originally named as a Defendant in this matter, filed for bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the District of Delaware on November 9, 2011, the same day that Plaintiff filed the instant suit. *In re Blitz U.S.A., Inc.*, Chapter 11, Case No. 11-13603 (D. Del. Bankr. Nov. 9, 2011) (Dkt. No. 26, Wal-Mart's Mot. Ex. A, Blitz USA's Verified Complaint for Declaratory and Injunctive Relief, United States Bankruptcy Court for the District of Delaware, filed on November 9, 2011, ¶ 52) (hereinafter "Bankr. Compl."). Wal-Mart has been named along with Blitz in at least thirty-five actions involving portable consumer gas containers in multiple jurisdictions (referred to by Blitz as the "PCGC lawsuits"). According to the allegations of the Complaint in Bankruptcy, Wal-Mart has tendered, and Blitz has accepted defense of, all PCGC claims pursuant to the indemnification provision of the Supplier Agreements between Blitz and Wal-Mart. (Dkt. No. 26, Wal-Mart's Mot. Ex. A, Bankr. Comp. ¶ 52).

On November 10, 2011, the bankruptcy court entertained and denied Blitz's motion to extend the automatic stay of proceedings against Blitz, imposed by the bankruptcy court under 11 U.S.C. § 362, to non-debtor Wal-Mart and other retailers of the Blitz gas cans. (Dkt. No. 26, Wal-Mart Mot. Ex. D, Transcript of November 10, 2011 Hearing Before Honorable Peter J. Walsh, United States Bankruptcy Judge.) Judge Walsh noted that Wal-Mart's contractual indemnity claims against

Blitz were stayed by the § 362 stay as to Blitz. (*Id.* at 23:22-25.) As to the claims against Wal-Mart and other resellers of the Blitz gas cans, Judge Walsh observed:

> Well, it seems to me, you're going to have to address these 36 causes of action individually. Because I don't know whether in a particular action, the Plaintiff is asserting, independently, a claim against [Blitz] and a claim against Walmart, or are they just claiming against you, and Walmart is asserting its indemnification rights. ... And they can not do that. Walmart can not do that unless they get the stay lifted.

*Id.* at 29:20-30:3. Later in the hearing, refusing to hear further argument on the matter, Judge Walsh commented:

> No, I'm not going to do that. Look, why don't you take a – pick a particular case where the Debtor is sued and Walmart is sued. Now the Debtor's [sic] out of the case. If I were Walmart, I would say to the judge, "I'm going to be highly prejudiced by them dropping out, because that means that I have to try this matter twice." If I were the judge, I would say "Stay." Put them on hold, 3 months, 6 months, see what happens in the bankruptcy. I suspect in a lot of these cases, that is what's going to happen. And until you address the matters in that fashion, I'm not going to grant this relief.

*Id.* at 47:9-19. Having failed to obtain a global stay of claims against Wal-Mart from the bankruptcy court, Wal-Mart now moves this Court, and other district courts in which similar claims have been filed, for a stay of proceedings of claims that remain pending against Wal-Mart. District courts around the country, addressing this very issue in light of the decision of the bankruptcy court to not extend the stay, have issued conflicting decisions on whether a stay as to Wal-Mart in these underlying products liability cases is appropriate. This Court concludes that the greater number and more thoroughly-reasoned opinions have declined to issue a stay.

## II. STANDARD OF REVIEW

Relying on *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) and its progeny, Wal-Mart asks the Court to exercise its inherent authority to enter a stay of proceedings in an action

4

where a defendant is an absolute indemnitee of a debtor in bankruptcy. *See A.H. Robins*, 788 F.2d at 999 (noting that a stay of proceedings against non-debtor co-defendants requires a showing of an "unusual situation" in which "there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant," providing, by way of illustration, the situation of a third-party entitled to "absolute indemnity" by the debtor). Alternatively, relying on *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) and its progeny, Wal-Mart asks the Court to exercise its inherent authority to stay proceedings in the interests of justice and to promote judicial efficiency.

## III. ANALYSIS

Wal-Mart argues that the claims against it in the instant case should be stayed because, as an absolute indemnitee of Blitz, Wal-Mart and Blitz share an identity of interest such that a claim against Wal-Mart is a claim against Blitz. Wal-Mart argues that the claims against Wal-Mart in this case and dozens of other similar cases are "inextricably intertwined" with Blitz's interests in the bankruptcy proceedings and with the assets of the bankruptcy estate. Wal-Mart argues that entering the stay will protect the debtor, the assets of the estate, and other claimants asserting PCGC claims against Blitz. Wal-Mart also argues that justice will best be served by staying proceedings in this Court and permitting the claims in bankruptcy court to proceed in a collective manner that yields more consistent results for all claimants. Wal-Mart relies on a series of district court decisions that have granted Wal-Mart's request for a stay. *Guilford v. Blitz, U.S.A., Inc.*, No. 11-336 (N.D. Fla. Feb. 8, 2012) (Smoak, J.) (Dkt. No. 34, Wal-Mart's Reply Ex. B) (ordering the case stayed for 90 days without opinion); *Droney v. Blitz U.S.A., Inc.*, 11-1320 (D.S.C. Feb. 22, 2012) (Cain, J.) (Dkt. No. 34, Wal-Mart's Reply Ex. C) (finding, without discussion, a sufficient identity of interest in the

indemnification agreement to constitute unusual circumstances under *A.H. Robins* and granting a stay); *Burch v. Blitz U.S.A., Inc.*, No. CV511-084 (S.D. Ga. March 2, 2012) (Graham, J.) (Dkt. No. 34, Wal-Mart's Reply Ex. D) (staying proceedings for 90 days without opinion).

Plaintiff responds that it asserts claims against Wal-Mart individually in this action, in which it has voluntarily dismissed the Blitz Defendants, that are independent of its claims against Blitz and to which Blitz is not a necessary and independent party. Plaintiff states that the bankruptcy court, which is in the best position to analyze the merits of extending the § 362 stay to a non-debtor co-defendant, expressly denied Blitz's motion to extend the stay. Plaintiff also points out that the bankruptcy court may reconsider extending the stay at any time.

Plaintiff has provided the Court with several decisions of district courts that have declined to issue a stay as to Wal-Mart. *See Melvin v. Blitz USA, Inc., et al.*, No. 11-2542 (M.D. Fla. Feb. 9, 2012) (Bucklew, J.) (Dkt. No. 32, Pl.'s Resp. Ex. A) (finding that there was no identity of interest sufficient to meet the standard for extending the stay as set forth in *A.H. Robins* where plaintiff was suing Wal-Mart for its own conduct in connection with sale of the gas storage container and further concluding that the bankruptcy court was in the best position to decide whether or not to extend the stay to a non-debtor); *Purvis v. Blitz, U.S.A., Inc., et al.*, No. 11-111 (M.D. Ga. Feb. 28, 2012) (Lawson, J.) (Dkt. No. 35, Pl.'s Supp. Auth. Ex. A) (finding that the indemnity clause in the Blitz/Wal-Mart supplier agreement was not absolute, recognizing that Judge Walsh found no basis in the bankruptcy proceeding for encompassing Wal-Mart within the automatic stay and concluding that plaintiff, not Wal-Mart, stood to suffer most from a stay by having the case delayed indefinitely while Blitz proceeded through bankruptcy); *Smith v. Blitz U.S.A., Inc., et al.*, No. 11-1771 (D. Minn. March 2, 2012) (Brisbois, Magistrate J.) (Dkt. No. 35, Pl.'s Supp. Auth. Ex. B) (first questioning the

power of a district court, as opposed to a bankruptcy court, to extend a § 362 stay, noting that Judge Walsh had declined to do so, and concluding that the mere presence of an indemnification agreement did not constitute an "unusual circumstance" justifying a stay, particularly where plaintiff asserted independent claims against Wal-Mart, noting that any subsequent action by the non-debtor defendant against the debtor for indemnification was "not the plaintiff's problem"); *Shickel v. Blitz USA, Inc.*, No. 11-3380 (C.D. Ill. Feb. 21, 2012) (Gorman, J.) (Dkt. No. 33, Pl.'s Supp. Auth. Ex. A) (finding that the mere existence of an indemnification agreement is not an unusual circumstance justifying extension of the stay and noting the significance of Judge Walsh's ruling that an extension was not warranted to protect the debtor or the estate).

The extension of a § 362 stay to a non-debtor co-defendant is a rare exception to the rule that such entities are not typically covered by the stay. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1197-98 (6th Cir. 1983) (recognizing that "it would distort congressional purpose to hold that a third party solvent codefendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor and creditors thereof"). However, as the courts that have preceded this Court in ruling on Wal-Mart's motion for a stay have noted, there are two exceptions to the general rule that the protections of the bankruptcy stay do not extend to protect co-defendants of the debtor. The first, under the *A.H. Robins* line of cases, holds that where there is such identity between the third party defendant and the debtor that a judgment against the third party defendant will in effect be a judgment against the debtor, the stay should be extended. However, as these courts also have noted, simply relying on the existence of an indemnification agreement does not present such an unusual circumstance. Were this the case, given the prevalence of indemnification agreements like that

between Wal-Mart and Blitz in modern commercial transactions, "then the exception would effectively become the rule." *Smith, supra* at 8.

While Wal-Mart characterizes the indemnification provision as "absolute," there is no evidence presented that this is necessarily so. The mere fact that Blitz has, at this point in time, accepted tender of defense and indemnification does not guarantee absolute indemnity as to every claim asserted. Indeed, in a case such as the instant case, where independent claims are asserted against Wal-Mart, such as allegations regarding Wal-Mart's independent risk assessment of the gas cans, knowledge of the alleged defect, and independent input into an alleged modification of the product, it is not at all clear that Blitz's indemnification will indeed be absolute. The Fourth Circuit in *A.H. Robins* expressly distinguished situations involving the alleged independent liability of the non-debtor defendant: "the situation where the third-party defendant was independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of duty . . . in such a case the automatic stay would clearly not extend to such non debtor." 788 F.2d at 999 (internal quotation marks and citation omitted). Wal-Mart has not presented any unusual circumstance to the Court other than a standard-fare indemnification agreement, which Blitz may or may not have reason to reject in whole or in part when all the evidence is presented.

The second exception to the rule that non-debtor co-defendants cannot benefit from a § 362 stay presents itself when the pending litigation against the co-defendant would cause irreparable harm to the debtor, the estate or the reorganization plan. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991). Judge Walsh has already rejected such an argument and it is clear that Wal-Mart's claims against Blitz for indemnification are stayed and that Blitz is well-insured.

*Shickel, supra* at 5. "Judge Walsh saw no need to extend the stay to the claims against Wal-Mart, which certainly indicates that proceeding against Wal-Mart in this Court would not, in his view, adversely affect the Debtor, the Estate or the Plan." *Id.* at 6. Wal-Mart has filed in the bankruptcy court a Motion for Relief from Automatic Stay to Permit Set Off of Obligations and for Adequate Protection. (Dkt. No. 34, Wal-Mart's Reply Ex. G.) Wal-Mart offers this motion as evidence of the extent and certainty of the indemnification debt, which it values at in excess of $1.5 million. Wal-Mart states that the facts contained in this motion, and supported by affidavits, belie Plaintiff's contention that the contractual indemnity provision may not be honored or may not affect the bankruptcy estate. Again, this evidence is best presented to and considered by the bankruptcy court, and not this Court.

Wal-Mart also claims that without a stay it will be forced to adjudicate its claims in two different courts with potential inconsistent results. But as Judge Walsh made clear at the hearing on the motion to extend the § 362 stay, the underlying product liability issues will not be tried in his court. Some district trial court or courts will be called upon to decide those issues and having multiple cases proceeding on these various plaintiff's claims is in the very nature of product liability litigation. The answer is not a stay of this or other pending actions but rather some effort on the part of defense counsel to have the various pending matters consolidated.

In its Reply, Wal-Mart refers the Court to *Midkiff v. Lowe's Home Centers, Inc.*, No. 407-cv-00017, 2007 WL 2188131 (W.D. Va. July 30, 2007). In *Midkiff*, plaintiff had purchased a ladder manufactured by Werner Corporation from a Lowe's Home Center store in Danvill, Virginia. Plaintiff fractured her ankle when the ladder collapsed and she filed suit against both Werner and Lowe's. Werner subsequently filed bankruptcy. Pursuant to a contract with Lowe's, Werner had

agreed to indemnify Lowe's for any and all claims that arose from the use of its products. Unlike Judge Walsh in the case of Blitz, the bankruptcy court in the Werner bankruptcy had entered a stay prohibiting claims against Lowe's, who was considered a protected defendant under the bankruptcy stay and could not be sued for injury arising from Werner's products. The bankruptcy order directed all claims against protected defendants to proceed in Alternative Dispute Resolution. The district court in *Midkiff* therefore granted Lowe's' motion to stay. In the instant case, the bankruptcy court expressly declined to encompass Wal-Mart in the § 362 stay.

The extension of a § 362 stay to a non-debtor co-defendant is a rare exception to the rule that such entities are not typically covered by the stay. *Wedgeworth, supra,* 706 F.2d at 544; *Johns-Manville, supra,* 710 F.2d at 1197-98. A strong case for invoking the exceptions to the rule must be made to justify an extension of the stay. Judge Walsh did not find a basis to make such an exception for Wal-Mart in this case and it is clear that many plaintiffs around the country will be permitted to proceed with their claims against Wal-Mart. Unless and until the bankruptcy court finds sufficient indicia of global adverse effects on the debtor, the estate or the plan of reorganization in permitting actions such as the instant case to proceed, this Court will permit this Plaintiff, who asserts independent claims against Wal-Mart, to proceed:

> Plaintiff claims that Wal-Mart was sued in other similar cases before selling the gas can that exploded, killing Plaintiff's daughter and severely injuring Plaintiff, that Wal-Mart knew or should have known of flame arrestor technology and that flame arrestors were necessary on consumer gas cans, and that it could and did influence the design of the gas can in this case sold without a flame arrestor.

Dkt. No. 32, Pl.'s Resp. 9. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis, supra,* 299 U.S. at 255. Plaintiff in the instant case will be permitted to proceed with her

claims against Wal-Mart.

## IV. CONCLUSION

For the above reasons, the Court DENIES Wal-Mart's motion for a stay. (Dkt. No. 26.)

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 4-3-12