IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAJD AL-SHARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-14954 |
| v. ) | |
| ) | HON. PAUL D. BORMAN |
| WAL-MART STORES, INC.; and ) | United States District Judge |
| WAL-MART STORES EAST, L.P. ) | |
| ) | Magistrate Paul J. Komives |
| Defendants. ) | |

DIANE M. BRENEMAN (NOT SWORN)
STACY L. DUNGAN (NOT SWORN)
Breneman Dungan, LLC
Attorneys for Plaintiff
311 Delaware
Kansas City, MO 64105
(816) 421-0114
db@litigationkc.com
sd@litigationkc.com

NICOLE M. WRIGHT (P63513)
ZAUSMER, KAUFMAN, AUGUST,
CALDWELL & TAYLER, PC
Attorneys for Defendant Walmart Stores, Inc.
and Walmart Stores East, L.P.
31700 Middlebelt Rd., Suite 150
Farmington Hills, MI 48334
(248) 851-4111
nwright@zkact.com

RAMONA C. HOWARD (P48996)
McKeen Associates
Attorney for Plaintiff
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400
rchoward@mckeenassociates.com

## JOINT DISCOVERY PLAN

The parties held their Rule 26(f) planning meeting on **January 26, 2012 and April 19, 2012** submit this Joint Discovery Plan to the Court. The following attorneys for the parties participated in the meeting:

- Stacey L. Dungan, Breneman Dungan, LLC, counsel for Plaintiff Majd Al-Shara.

1

- Nicole Wright, Zausmer, Kaufman, counsel for Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.

I.  **SUMMARY OF THE CASE AND ISSUES:**

   A. Summary of the Case:  On November 9, 2011, Plaintiff filed a Complaint against then Defendants, Blitz U.S.A., Inc. and seven (7) parents and affiliated Blitz companies ("Blitz Defendants").  Six (6) of these affiliated entities, including Blitz, filed for bankruptcy protection in Delaware under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Action") on November 9, 2011, causing an automatic stay of Plaintiff's claims against those Defendants.  Plaintiff subsequently voluntarily dismissed all eight (8) Blitz Defendants.

   On January 20, 2012, Plaintiff filed a four-count First Amended Complaint against Wal-Mart Stores, Inc. and Wal-Mart Stores East L.P. ("Wal-Mart Defendants") for negligence or gross negligence, breach of warranty, failure to warn and negligent infliction of emotional distress related to injuries to Plaintiff and his daughter Aliaa Al-Shara as a result of an alleged explosion of a red plastic gas can distributed and sold by Wal-Mart.  Plaintiff's Amended Complaint alleges that Plaintiff was holding the gas can, manufactured by Blitz U.S.A., and had poured gas into a fire pit when vapors outside the gas can ignited, the fire flashed back into the can and caused the gas can to explode and jet burning gasoline out of the fill hole onto Plaintiff's daughter, Aliaa Al-Shara, who was sitting several feet away.  Aliaa was burned over 90% of her body and died three (3) days later. Plaintiff also sustained burn injuries from trying to extinguish his daughter.  Plaintiff alleges that the gas can was unreasonably dangerous and defective because it was not equipped with a common device to prevent flashback vapor explosions, a flame arrestor.  Plaintiff alleges that Wal-Mart was a defendant in other similar lawsuits prior to the sale of the gas can at issue to him.

   After the alleged incident, Plaintiff was criminally charged with second degree child abuse.  After gas can explosion tests conducted by the U.S. Department of Justice Bureau of Alcohol, Tobacco and Firearms showed Blitz gas cans exploded as Plaintiff had described to investigators and after being detained in jail for more than 8 months, Plaintiff pleaded guilty to the felony charge of fourth degree child abuse.   Subsequently, Plaintiff was deported to the Country of Jordan because he did not have a valid visa to remain in the United States.

   Given the ongoing bankruptcy proceeding, Wal-Mart filed a motion to stay pending the bankruptcy which was denied by this Court on April 3, 2012.  On April 9, 2012, the Wal-Mart Defendants' filed their Answer to the First Amended Complaint.

   B. Jury Trial:  This case is to be tried before a jury.  Accordingly, jury demands have been timely filed with this Court.

   C. Judicial Availability:  The parties are not presently willing to agree to have a United States Magistrate Judge conduct trial or order the entry of a final judgment.

II.  **SUBJECT MATTER JURISDITION:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Based on the allegations in Plaintiff's First Amended Complaint, the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants.

III. **RELATIONSHIP, IF ANY, TO OTHER CASES:**

The bankruptcy proceedings that were instituted in the U.S. Bankruptcy Court for the District of Delaware by the former Blitz Defendants are ongoing under the caption *In re Blitz U.S.A., Inc.,* Chapter 11, Case No. 11-13603.

IV. **PROPOSED DISCOVERY PLAN:**

    A.    Rule 26(a) Disclosures:

        1. Fed.R.Civ.P. 26(a)(1) disclosures: The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by:

- **Plaintiff's Response:**            May 15, 2012
- **Defendants' Response:**         May 30, 2012

        2. Fed.R.Civ. P. 26(a)(2) expert disclosures:

- **Plaintiff's Response:**
  Deadline for Plaintiff to designate
  expert witnesses & reports:            September 15, 2012

  Deadline for Defendants to designate
  expert witnesses and reports:           November 1, 2012

- **Defendants' Response:**
  Deadline for Plaintiff to designate
  expert witnesses & reports:            December 15, 2013

  Deadline for Defendants to designate
  expert witnesses and reports:           February 15, 2013

3

B.     Anticipated Subjects of Discovery:

(**Plaintiff's Response**)
1. The claims in Plaintiff's First Amended Complaint, including the facts surrounding the incident itself, whether the gas can was defective, warnings, causation of the Plaintiff's claimed damages, and the nature and extent of Plaintiff's damages.

2. The defenses in the Wal-Mart Defendants' answer to the complaint including all causation and liability defenses.

3. Wal-Mart's knowledge regarding vapor flash back explosions, flame arrestor technology, warnings, and other similar incidents.

4. Wal-Mart's participation, influence and control over design of the subject gas can, including its spout.

5. Plaintiff's contributory negligence.

6. Wal-Mart's failure to preserve evidence relevant to Plaintiff's claims.

7. The parties do not intend to limit the scope of discovery at this time.

(**Defendant's Response**)
The claims in Plaintiff's First Amended Complaint, including, but not limited to: factual, liability and damage issues.  Further, significant discovery particular to specific facts of this case will be required, including, but not limited to:  the circumstances of the alleged incident; causation issues; any witnesses to the incident; first responder records, tapes, photographs, videos, etc.; media coverage; medical records; autopsy records; prosecutor records; criminal proceedings records; sheriff records; witness statements (written and recorded); deportation records; employment records; child protective services records; Sheriff's Office records; social service records; federal records; Plaintiff's knowledge, experience and understanding; Plaintiff's gas can ownership and familiarity with gas cans and/or fuel; the type, make and model of gas can allegedly at issue; the type of fuel used on the open fire; the condition of the open fire at the time Plaintiff poured gasoline and/or fuel on it; the date of manufacture of the subject gas can; the condition of any remnant and/or accident scene and/or evidence from scene; the type of gasoline or fuel at issue, its age and quantity; the time and place of purchase, storage, use, etc., of the subject gas can and gasoline/fuel; the condition of the gas can at the time of the incident, during use and storage; the weather conditions, including temperature at time of incident and temperature where gasoline and/or fuel was stored; Plaintiff and his daughter's injuries and treatment; clothing Plaintiff's daughter was wearing at time of incident; the proximity of where the open fire was and where Plaintiff and his daughter were located before

4

the incident; whether Plaintiff has legal standing and/or is the real party in interest; and damages.

C. Amount of Time For Discovery:

Contemporaneous fact and expert discovery will be completed by:

**Plaintiff's Response:** January 15, 2013

**Defendants' Response:** Due to multiple complex liability and damage issues, along with witnesses involved in incident, Defendants request that this Court keep discovery open until, at least, April 1, 2013.

D. Proposed Variations on the Limits Imposed by Rules 30 and 33:

**Plaintiff's Response:** None at this time.

**Defendants' Response:** It is anticipated that there are several fact and expert witnesses that will need to be deposed. Based on the information known to date, there were several fact witnesses who observed and/or responded to the incident, including neighbors and emergency responders; several investigative officers and sheriffs, detectives, state and federal agents, case/social workers; and medical providers who treated Plaintiff and Plaintiff's daughter, who may have relevant and key information surrounding the alleged liability and damage claims. Based on this information, Defendant anticipates that the issues presented in this case may warrant Defendant deposing more than ten (10) fact witnesses as set forth under Rule 30(a).

As for Rule 33, if additional interrogatories are needed beyond what Rule 33 provides, the parties will meet and confer to work toward a resolution. If unable to agree to a resolution, the parties will seek leave of court thereafter.

V. **OTHER ISSUES AND DEADLINES:**

A. Joinder of Parties and Amendment of Pleadings:

      Amendments of pleadings will be in accordance with Fed. R. Civ. P. 15 and subject to the discretion of the Court. Defendants reserve the right to file a third party action against a potential liable non party after some discovery has been completed and/or the stay has been lifted as to Blitz and/or it affiliated entities.

B.    Pending Motions:

No motions are currently pending.

C.    Anticipated Motions:

1. The parties expect to file a joint motion for entry of an agreed confidentiality Order or, if an agreement cannot be reached regarding a proposed order, may file separate motions.

2. It is anticipated that Defendants will file dispositive motions.

3. It is anticipated that the parties will file motions in limine and Daubert motions.

D.    Deadline for filing Dispositive Motions:

**Plaintiff's response:**     February 1, 2013

**Defendant's response:**     May 1, 2013

E.    Pretrial Conference:     (To be determined)

F.    Joint Final Pretrial Order:     (To be determined)

G.    Mediation: The parties agree to participate in non-binding mediation at or near the close of discovery and believe that they will be able to agree on selection of a mediator.

## VI. USE OF CASE EVALUATION

At this time, the parties do not agree to participate in case evaluation.

      Respectfully submitted,

      *Stacey L. Dungan*_____
      Diane M. Breneman
      Stacey L. Dungan     Mo. Bar# 37180
      Breneman Dungan, LLC

        311 Delaware
Kansas City, Missouri 64105
Phone (816) 421-0114
Fax (816) 421-0112
db@litigationkc.com
sd@litigationkc.com

ATTORNEYS FOR PLAINTIFF

DATED:  April 23, 2012

2:11-cv-14954-PDB-PJK   Doc # 40   Filed 04/23/12   Pg 7 of 8   Pg ID 427

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2012, I electronically filed the foregoing JOINT DISCOVERY PLAN with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Nicole M. Wright; Zausmer, Kaufman; 31700 Middlebelt Road, Suite 150, Farmington Hills, Michigan 48334, Attorney for Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.

*Stacey L. Dungan*
Stacey L. Dungan
