**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAJD AL-SHARA,

        Plaintiff(s),

v

WAL-MART STORES, INC. et al.,

        Defendant(s).
_____/

CIVIL ACTION NO. 11-14954

HON. PAUL D. BORMAN

**PARTIES ARE DIRECTED TO PROVIDE A HARD COPY (ON ONE SIDE ONLY) OF ALL MOTIONS, RESPONSES, REPLIES AND EXHIBITS WITH TABS TO CHAMBERS**

# SCHEDULING ORDER

The following dates constitute the **Order of this Court.**

1. Deadline for the identification of witnesses, both lay and expert: **11/30/2012**

2. Closing date for all Discovery: **2/28/2013** and amendments to the pleadings: **see report.**

3. Dispositive Motions due: **3/30/2013**

4. Case referred to Mediation under LR 16.3(c)**:2/28/2013  if stipulation filed**

5. Settlement Conference date and time:   **TO BE DETERMINED**

6. Deadline for filing Joint Pretrial Order:  **TO BE DETERMINED**

7. Final Pretrial Conference date and time:  **TO BE DETERMINED**

8. Jury Trial set for:   **TO BE DETERMINED**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the plaintiff and attorneys of record by electronic means or U.S. Mail on April 23, 2012.

                                        s/Denise Goodine
                                        Case Manager

\* **ALL FILINGS MUST CONFORM TO LOCAL RULE 5.1., AS TO SIZE OF PRINT, AND NUMBER OF PAGES, ETC. (PAGE LIMITS STRICTLY ENFORCED. A PARTY CAN FILE ONLY ONE MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT. NO SEPARATE MOTIONS FOR SEPARATE COUNTS.**

**NO FILINGS ON BOTH SIDES OF A SHEET OF PAPER, JUST ONE SIDE.**

**THE RULES OF CIVILITY APPLY IN DEPOSITIONS AS WELL AS IN PLEADINGS AND IN COURT.**

MOTION PRACTICE

**MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE FILED UNTIL DISCOVERY HAS BEEN COMPLETED. ABSENT SPECIAL CIRCUMSTANCES TO BE SPECIFIED IN ANY PREMATURE MOTION.**

A.    Before filing a motion for summary judgment or responding to such a motion, the parties are urged to familiarize themselves with *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An excellent summary of these cases appears in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).

B.    ERISA Actions - In ERISA actions seeking recovery of benefits, the parties shall file cross motions for entry of judgment either seeking reversal of the plan administrator's decision to deny the plan participant's claim, or seeking affirmation of the plan administrator's decision to deny plan participant's claim. *See Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 509 (6th Cir. 1998); *Eriksen v. Metropolitan Life Ins. Co.*, 39 F. Supp.2d 864 (E.D. Mich. 1999).

C.    Facts stated as material facts **must** be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. The **full text** of any source cited should be filed with the Court as an appendix; the relevant portion should be highlighted or underlined. When citing deposition testimony, parties must provide a complete transcript, with page and line references. The appendix shall contain an index.

      D.    No string citations in support of well established legal principles. Focus on a few well chosen cases, preferably recent and from controlling courts. Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of the cases **must** be submitted along with the brief to both the Court and opposition counsel.

II.    Attorneys who do not respond to motions in a timely fashion may not be permitted oral argument.

III.    A Joint Final Pretrial Order shall be furnished to the Court in every civil case one week before the time set for the final pretrial conference.

    A.    Counsel for all parties are directed to confer <u>in person (face to face) at their earliest convenience</u> in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph and (3) exchange documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court. Counsel shall meet sufficiently in advance of the date of the scheduled Conference with the Court; furnish opposing counsel with a statement of the specific issues, eliminate issues about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. <u>Counsel for plaintiff then will prepare a draft final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit[1] the original and one copy of the final draft of the proposed pretrial order to the Judge's chambers on the date fixed for submission</u>. If there are any pending motions requiring determination in advance of trial,[2] they should specifically be called to the Court's attention not later than the date of submission of the final pretrial order.

        The final pretrial order should provide for the signature of the Court, which, when signed, will become an Order of the Court. <u>AN ORIGINAL AND ONE COPY IS TO BE PRESENTED TO THE COURT</u>.

        <u>The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide.</u>

    B.    The Attorneys will familiarize themselves with the pretrial rules and will come to the conference with <u>full authority</u> to accomplish the purposes of

---

[1] Counsel for plaintiff has primary responsibility for preparation of the final pretrial order and submission to opposing counsel in ample time for revision and timely filing. Nonetheless, full cooperation and assistance of all other counsel are required for proper preparation of the final pretrial order.

[2] This includes motions in limine, disputes over specific jury instructions or the admissibility of any evidence at trial upon which the parties desire to present authorities and argument to the Court.

Rule 16 (including simplifying the issues, expediting the trial and saving expense to litigants). Counsel shall be prepared to discuss compromise settlement possibilities at the conference without the necessity of obtaining confirmatory authorization from their clients. Parties themselves must attend the final pretrial conference unless the Court has agreed to other arrangements prior to the date of the conference.

Motions in limine must be filed 60 days prior to trial.

LOCAL RULE 16.2

Counsel for plaintiffs shall convene a conference for all parties to collaborate in formulating a concise Joint Final Pretrial Order that is to be compiled by counsel for plaintiffs, approved and signed by counsel for all parties, and submitted by counsel for plaintiffs to the Court for approval and adoption. The Order shall provide for the signature of the Court and, when signed and filed in the Clerk's office, becomes an Order of the Court, superseding the pleadings and governing the court of trial unless modified by further Order, provided, however, that the pretrial order shall not constitute a vehicle for adding claims or defenses. The Order will not be filed in the Clerk's office until it has been signed by the Judge.

(b)  Contents of Order.

The Joint Final Pretrial Order shall contain, under numbered and captioned headings, the following:

(1)   Jurisdiction. The Parties shall state the basis for federal court jurisdiction, and whether jurisdiction is contested by any parties.

(2)   Plaintiffs' Claims. A statement of the claim or claims of plaintiffs, including legal theories.

(3)   Defendants' Claims. A statement of the defenses or claims of defendants or third parties, including legal theories.

(4)   Stipulation of facts. The parties shall state, in separately numbered paragraphs, all uncontested facts.

(5)   Issues of fact to be litigated.

(6)   Issues of law to be litigated.

(7)   Evidence problems likely to arise at trial. Include objections to exhibits. All motions in limine of which counsel should reasonably be aware shall be listed in the Joint Final Pretrial Order.

(8)   Witnesses. Each party shall list the names of all witnesses, identifying which are experts, that it will call (in the absence of reasonable notice to the contrary to opposing counsel), and those witnesses it may call. No witness shall be listed who has not been included on any witness list submitted pursuant to a prior order of the Court. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably

anticipated before trial, or except for good cause shown.

(9) <u>Depositions</u>. The parties shall list the names of all witnesses whose deposition testimony is reasonably expected to be offered as evidence. Nothing in this subsection shall preclude the taking of timely <u>de bene esse</u> depositions for use at trial.

(10) <u>Exhibits</u>. The parties shall number and list, with a short identifying description, each exhibit they intend to introduce at trial. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits that could not be reasonably anticipated before trial, or except for good cause shown.

(11) <u>Trial Exhibits</u>. Trial exhibits are to be numbered, Plaintiff beginning with 100, Defendant beginning with 500. Counsel, not the Court, are responsible for keeping their exhibits during trial. An additional copy of all exhibits will be required for use on the bench and one copy for the Court Reporter. All exhibits will be received prior to trial, except those where an objection is noted. With reference to those exhibits, they will be received during trial at the proper time. Counsel are to mark the exhibits, prior to trial, with exhibit stickers, which may be obtained from the court reporter. Exhibits are not to be highlighted, underlined, or marked in any way (except with exhibit stickers) by counsel or any party. When the jurors commence their deliberations, counsel are to have all of their respective exhibits in the courtroom and in sequential order, so that at the request of the jurors they may immediately be sent into the jury room.

(12) <u>Damages</u>. Plaintiffs shall itemize all claimed damages, shall specify damages that can be calculated from objective data, and the parties shall stipulate to those damages that are not in dispute.

(13) <u>Trial</u>.

    (A) Jury or non-jury.

    (B) Estimated length of trial.

(14) <u>Settlement</u>. Counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date thereof, and indicate the current status of negotiations, as well as any plans for further discussions.

(c) <u>Failure of Counsel to Cooperate</u>.

Failure of counsel to cooperate in the preparation of, to submit, or to strictly comply with the terms of, the Joint Final Pretrial Order may result in dismissal of claims, default judgment, refusal to let witnesses testify or to admit exhibits, assessment of costs and expenses, including attorney fees, or other appropriate sanctions.

(d) <u>Filing of Trial Briefs, Findings and Instructions</u>.

THE JOINT FINAL PRETRIAL ORDER SHALL FURTHER PROVIDE THAT MOTIONS IN LIMINE SHALL BE FILED 60 DAYS PRIOR TO THE FIRST DAY OF THE TRIAL. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SHALL BE FILED ON THE FIRST DAY OF TRIAL. ONE SET OF JOINT JURY INSTRUCTIONS

SHALL BE FILED ON THE FIRST DAY OF TRIAL.

   (e)  <u>Additional Requirements</u>.

 The Judge, in an appropriate case, may add additional requirements to the Joint Final Pretrial Order, or may suspend application of the Rule in whole or in part.

## TRIAL PRACTICE

1. At least <u>ONE WEEK</u> prior to beginning of trial term all counsel shall furnish to the court requests for <u>VOIR DIRE</u>.

2. In jury cases, the parties are hereby ordered to meet and confer prior to trial to discuss jury instructions.  ==No later than the first day of trial, the parties are to file with the court a single set of proposed, stipulated jury instructions==.  Counsel are responsible for all instructions related to their specific claims or defenses.  All such instructions are to be typewritten, double spaced, on plain white paper with no letterhead and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  Counsel shall also provide a separate set of instructions without references of authority.  In addition, each party shall separately file any additional proposed instructions to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

3. In non-jury cases, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW</u> shall be filed prior to the beginning of the trial.

4. A statement of claims or defenses, no longer than one paragraph, suitable to be read to the jury during opening instructions shall be filed prior to the beginning of the trial.