UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJD AL-SHARA,

    Plaintiff,

vs.

WAL-MART STORES, INC.
and
WAL-MART STORES EAST, L.P.,

    Defendants.

Case No. 2:11-cv-14954

HON. PAUL D. BORMAN

MAGISTRATE PAUL J. KOMIVES

---

DIANE M. BRENEMAN (NOT SWORN)
STACY L. DUNGAN (NOT SWORN)
Breneman Dungan, LLC
311 Delaware
Kansas City, MO 64105
(816) 421-0114
db@litigationkc.com
sd@litigationkc.com

RAMONA C. HOWARD (P48996)
McKeen Associates
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400
rchoward@mckeenassociates.com

NICOLE M. WRIGHT (P63513)
ZAUSMER, KAUFMAN, AUGUST,
CALDWELL & TAYLER, PC
Attorneys for Defendant Walmart Stores, Inc.
and Walmart Stores East, L.P.
31700 Middlebelt Rd., Suite 150
Farmington Hills, MI 48334
(248) 851-4111
nwright@zkact.com

---

## WAL-MART DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES

NOW COME Defendants, WAL-MART STORES, INC. and WAL-MART STORES EAST,

L.P. ("Wal-Mart Defendants") by and through their attorneys, ZAUSMER, KAUFMAN, AUGUST,

CALDWELL & TAYLER, P.C., and for their Amended Affirmative Defenses pursuant to F.R.C.P. 15(a)(1) which allows a party to amend its pleading once as a matter of course within twenty-one (21) days afer serving it, state the following:

1. The condition which allegedly caused Plaintiff's damages was open and obvious. Any injuries or damages alleged to have been sustained by Plaintiff are subject to the open and obvious defense, including the danger of using gasoline near a fire or an open flame.

2. Pursuant to the Supremacy Clause of the United States Constitution and applicable federal law, certain claims set forth in Plaintiff's Complaint are barred by the Doctrine of Preemption.

3. Plaintiff's claims are barred in whole or in part because Wal-Mart Defendants are not the real parties in interest.

4. Plaintiff's recovery, if any, shall be diminished by his comparative and/or contributory negligence.

5. Plaintiff is more than fifty (50%) percent at fault and, under the series of laws known as the Tort Reform Act, in particular MCL 600.6304, Plaintiff cannot recover.

6. Another person or entity is at fault, whether a party or non-party, and pursuant to MCL 600.2957, fault must be allocated to them.

7. Plaintiff's claims are barred by assumption of risk.

8. Plaintiff has failed to mitigate his damages.

9. Plaintiff's claims are barred in whole or in part because the Wal-Mart Defendants were not the sole and/or proximate cause of the injuries/damages alleged in the subject Complaint. The injuries and/or damages allegedly sustained were the direct and proximate result of the acts of

persons and/or entities not under the supervision or control of the Wal-Mart Defendants, including Plaintiff.

10.  Wal-Mart Defendants are entitled to a set-off pursuant to the collateral source rule (MCL 600.6303).

11.  Plaintiff's claims are barred in whole or in part because the Wal-Mart Defendants lacked knowledge of the alleged condition described in the subject Complaint.

12.  Plaintiff has failed to state a claim upon which relief can be granted.

13.  Plaintiff's claims are barred in total, or at least in part, by payment; release; accord and satisfaction; illegality; fraud; injury by fellow servant; laches; discharge; payment; license; estoppel; waiver; res judicata; assignment; prior judgment; statute of limitations; immunity granted by law; statute of frauds; and/or want or failure consideration.

14.  Plaintiff's claims are barred in total, or at least in part, including, but not limited to, any claim under Michigan's Wrongful Death Act, pursuant to the applicable statute of limitations.

15.  Plaintiff's claims are barred in total, or at least in part, pursuant to the Uniform Commercial Code.

16.  Plaintiff's cause of action is barred in total, or at least in part, by intervening acts or omissions of third parties and/or other entities.

17.  Plaintiff's cause of action is barred in total, or at least in part, pursuant to the Economic Loss Doctrine which bars tort recovery and limits remedies to those available under the Uniform Commercial Code.

18.  If there exists a contract between the parties, knowledge of which is presently lacking, Plaintiff's cause of action is barred in total, or at least in part, by the terms and conditions of the subject contract.

19. Wal-Mart Defendants are entitled to common law indemnity; implied indemnity; contribution; and/or contractual indemnity. Therefore, Wal-Mart Defendants reserve the right to file cross-claims and/or third-party actions against applicable parties.

20. Plaintiff's claims are barred in whole or in part because the subject product (portable consumer gasoline container) was abused and/or misused, and such abuse and/or misuse was the sole proximate cause of the alleged injuries/damages described in the subject Complaint.

21. Wal-Mart Defendants will show upon trial of the above-entitled action that Plaintiff's cause of action is barred in total, or at least in part, by the reason of an alteration and/or modification of the product.

22. Wal-Mart Defendants will show that the product in question was sold "as is" and that no warranties were attached to such sale.

23. Wal-Mart Defendants will show upon trial of the above-entitled action that if they supplied and/or sold the subject product, they are innocent non-manufacturing retailers and, as such, their product was not defective; they were not negligent; and they had no duty to inspect and/or warn Plaintiff of the alleged condition described in the subject Complaint.

24. Wal-Mart Defendants will show upon trial of the above-entitled action that Plaintiff's cause of action is barred in total, or at least in part, because the alleged harm was caused by an inherent characteristic of the product that cannot be eliminated without substantially comprising the product's usefulness or desirability and that subject product's characteristic is recognized by a person of ordinary intelligence.

25. Wal-Mart Defendants will show upon trial of the above-entitled action that Plaintiff's cause of action is barred in total, or at least in part, because the purchaser or user of the product (i.e.,

Plaintiff) was aware that the use of the product as described by Plaintiff in the subject Complaint created an unreasonable risk of personal injury and/or damages.

26. Plaintiff's cause of action is barred in total, or at least in part, by the learned intermediary doctrine.

27. Neither Plaintiff nor anyone on his behalf gave Wal-Mart Defendants notice of the alleged breach of warranty within a reasonable time after Plaintiff knew or should have known thereof, as required by the Uniform Sales Act and/or the Uniform Commercial Code of the State of Michigan for which reason, if for no other, Wal-Mart Defendants are not liable to Plaintiff.

28. Wal-Mart Defendants will show upon trial of the above-entitled action that Plaintiff's cause of action is barred in total, or at least in part, because the product was provided for use to a sophisticated user.

29. Wal-Mart Defendants will show upon trial of the above-entitled action that Plaintiff's cause of action is barred in total, or at least in part, by the simple tool doctrine.

30. Wal-Mart Defendants will show upon trial of the above-entitled action that Plaintiff's cause of action is barred in total, or at least in part, because Wal-mart Defendants (the non-manufacturing retailers), exercised reasonable care and did not make any expressed and/or implied warranties, and the product did not fail to conform to any expressed and/or implied warranties.

31. Wal-mart Defendants will show upon trial of the above-entitled action that if this product was sold by Wal-Mart Defendants, it was sold in a sealed package and for such reason, there is no duty on the part of Wal-mart Defendants to inspect said product and no warranty arises from said sale.

32. Plaintiff's cause of action is barred in total, or at least in part, by the Public Act, commonly known as the Michigan's product liability statute, including MCL §600.2945, et seq.

33. Plaintiff's claims are barred in whole or in part by all applicable Michigan Tort Reform legislation/statutes.

34. This Court lacks personal jurisdiction over Wal-Mart Defendants.

35. This Court lacks subject matter jurisdiction over the claims of Plaintiff.

36. There is insufficient process and insufficient service of process upon Wal-Mart Defendants.

37. Pouring gasoline on a fire or using gasoline to accelerate a fire is not the intended, customary, or normal use for a gasoline container.

38. Plaintiff is not a foreseeable user of the subject product.

39. Any allegedly defective condition in the gasoline container described in Plaintiff's Complaint was the result of misuse of gasoline, abuse, abnormal use, alterations, changes, and/or modifications by non-parties or Plaintiff, after it left the possession and control of the Wal-Mart Defendants. Therefore, any recovery by Plaintiff as to Wal-Mart Defendants is barred and/or limited in recovery.

40. The gasoline container described in Plaintiff's Complaint was not in the same condition at the time of the events, injuries and damages alleged, as it was when it left the custody and possession of the Wal-Mart Defendants.

41. The claims set forth in Plaintiff's Complaint are barred because, at the time the gasoline container described in Plaintiff's Complaint left the control of the Wal-Mart Defendants, it was reasonably safe and met the generally accepted production and/or non-manufacturer retailer practices, and a practical and technically feasible alternative design or formulation was not available that would have prevented the alleged injuries or damages without substantially impairing the usefulness, desirability, safety and/or intended purpose of the product.

42. All acts of Wal-Mart Defendants at the time of sale or distribution of the gasoline container described in Plaintiff's Complaint were consistent with applicable standards and codes and, therefore, any recovery by Plaintiff as to Wal-Mart Defendants are barred.

43. All acts of Wal-Mart Defendants at the time of sale or distribution of the gasoline container described in Plaintiff's Complaint were in conformity with the state-of-the-art at such times and were in conformity with the recognized and reasonably available and reliable scientific and technological knowledge, and therefore, any recovery by Plaintiff as to Wal-Mart Defendants is barred.

44. Plaintiff's claim for punitive and/or exemplary damages against the Wal-Mart Defendants are barred and/or cannot be sustained to the extent that he seeks to punish the Wal-Mart Defendants for the alleged harm/injuries and to non-parties, including Aliaa Al-Shara, that are not before this Court.

45. Any recovery by Plaintiff should not include any loss which could have been prevented by reasonable care and diligence.

46. Wal-Mart Defendants deny that they breached any express warranties or that they are liable to Plaintiff for any breach of express warranties.

47. Wal-Mart Defendants deny that they breached any implied warranties and, assuming Plaintiff can prove that he purchased the subject container from Wal-Mart, the Wal-Mart Defendants will affirmatively show that the portable plastic consumer gasoline containers sold by Wal-Mart were at all times reasonably fit and suitable for the purpose for which they were sold and that Plaintiff's alleged injuries and damages did not result from any defect in the products, either by way of manufacturing, design and/or warning or labeling.

48. All claims alleged herein against Wal-Mart Defendants for breach of warranty are barred in whole or in part by the applicable statutes of limitation and/or repose.

49. Plaintiff's claims are barred by the Michigan Wrongful Death Act.

50. Plaintiff's claims are barred by the Federal Courts Jurisdiction and Venue Clarification Act.

**51. Plaintiff's claims are barred in whole or in part because Plaintiff is not the real party in interest.**

**52. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing.**

53. Wal-Mart Defendants assert that the investigation and discovery in this case are beginning, and they reserve the right to amend its Answer and assert any and all applicable defenses, including affirmative defenses, counterclaims, cross-claims and/or claims for affirmative relief against other parties and/or persons, which are applicable under the facts presented or revealed by discovery.

                                            Respectfully submitted,

                                            ZAUSMER, KAUFMAN, AUGUST,
                                            CALDWELL & TAYLER, P.C.

                                            /s/ Nicole M. Wright
                                            Attorney for Wal-Mart Defendants
                                            31700 Middlebelt Road, Suite 150
                                            Farmington Hills, MI 48334
                                            (248) 851-4111
                                            nwright@zkact.com

Dated: April 26, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 26, 2012**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: **Diane M. Breneman, Stacy L. Dungan, Ramona C. Howard**.

/s/ Nicole M. Wright
Zausmer, Kaufman, August, Caldwell & Tayler, P.C.
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
(248) 851-4111
nwright@zkact.com